IN THE DISTRICT COURT UNITED STATES FOR THE NORTHERN DISTRICT OF WEST

VIRGINIA MARTINSBURG

FILED

SEP 0 6 2022

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

| | | |
|---|---|---|
| WANDA LETANG, | : | Docket No. 3:22cv 154 Groh / Trumble |
| PLAINTIFF, | : | CIVIL COMPLAINT: TITLE VII |
| V., | : | AMENDED COMPLAINT |
| ROBERT L. WILKIE, Jr., | : | 28 U.S.C 1331 |
| Department of Veterans | : | Jury Trial Demanded |
| Affairs Agency et. al. | : | Filed F.R.Civ.P. 15 (C) (1) (B) |

JURISDICTION

Federal Rule 15 (c) gives this court jurisdiction, an amendment to a pleading *relates back to the date of the original pleading when:* the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading. The Plaintiff set out the parties in this complaint the original pleading. The Plaintiff is pro-se and attempted to set out the necessary addresses of the defendants in the original pleading, the addresses have been set out in this Rule 15 (C) (1) (B) amended complaint.

This complaint is re-filled and amended requesting monetary; compensatory; injunctive relief; and other damages; and is filed pursuant to 28 U.S.C. 1331, and Title VII, and F.R.Civ.P. 15 (c) (1) (B) all administrative remedies have been exhausted; also the question of jurisdiction has been addressed where Plaintiff's asserts equal protection and due process violations concerning discrimination claims, See Fort Bend County v Lois M. Davis 587_2019, S. Ct.

Discussion

The Fourth Circuit has held in line with Supreme Court of, the United States precedent that; Pursuant to Federal Rule of Civil Procedure 8(e), "[p]leadings must be construed to do justice." To ensure justice, courts must liberally construe pleadings filed by pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)); United States v. Wilkes, 796 Fed. App'x. 183 (4th Cir. 2020). "A pro se complaint, however in artfully pleaded, must, be held to less stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94 (internal quotation marks omitted).

[U]nited States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). "[I]t is the substance of those pleadings, rather than their labels that is determinative."Wilkes, 796 Fed. App'x. at 184 (citing Winestock, 340 F.3d at 203).

Rule 8 (e) plainly states that pleadings filed by pro se litigants are to be liberally construed by the court. The court failed to do so in the original pleading. The court knows who is to be served

Plaintiff refiles this complaint pursuant to F.R.Civ.P. 15 c.  This relation back Amendment is filed under F.R.Civ.P. 15 c (1)(B), the following addresses were meant to be set out in the original pleading:

Richard McDonough, Secretary U.S. Department of Veteran's Affairs Office of the Secretary 810 Vermont Ave., N.W.  Washington D.C. 20420:

U.S. Attorney for the Northern District of West Virginia Att: Civil Process Clerk 1125 Chapline St. Wheeling, WV 26003:

The Attorney General of the United States Department of Justice Room 5111 10th & Constitution Ave., S.W. Washington D.C. 20004.

Respectfully Rule 8 (e) was drafted with mandatory language the word (must) be construed to do justice inserted, so that justice would always be served. Where pro se litigants are concerned. The Plaintiff is below a layman where the court system and the law's concerned. This court did not issue a scheduling order, or order the defendant served after screening the original complaint.

This court after granting in forma pauperis status and that, the complaint could proceed dismissed this case 3:20-cv-00171 on 01/06/22, for failure to provide the above listed defendant addresses. Which is pursuant to Rule 8 e) a function of the court using not to belabor mandatory language.

Plaintiff respectfully moves this court pursuant to F.R.Civ.P. 15 c) (1) (B) relation back to have this case filed again and for the court to order the defendant addresses served through the Marshall service.

This complaint's allegations clearly state a claim for pre-textual discrimination. The court granted in forma pauperis status and that, the original complaint could proceed.

**Count One:**

On or about January 30, 2016, while doing her duties as a nursing assistant, the plaintiff was exposed to discrimination. Ms. Tetyana Portyanko a probationary charge nurse at that time accused the claimant, of abuse and neglect, and conduct unbecoming, without any proof whatsoever. The plaintiff and coworker reported to Ms. Portyanko that a patient was having chest pain. Ms. Portyanko ignored this fact and protocol concerning heart attack complaints.

The ignoring of protocol by Ms. Portyanko as charge nurse not caring for Rose a female patient immediately by protocol as, the elements of protocol are listed hereinafter was, a pretext to the discrimination. The evidence of, the pretext is that Charge Nurse Ms. Portyanko never did any of the following. All Portyanko did was charge into the room accusing, the plaintiff, and her coworker of abusing a known hard to deal with patient. Who feigned chest pain when she, Rose would not get her way and get dressed or any other activity Rose did not want to be done.

Protocol calls for Ms. Portyanko :

1. Assess the patient.
2. A doctor must be called to evaluate the patient.
3. The emergency department must be called.

Charge nurse Portyanko's failure, to follow protocol, not providing proper care to Rose the veteran patient resulted in an adverse action against the Plaintiff.  The patient was not assessed; the on-call Doctor was not called; and the emergency department was not called. The language used the words (must be called) the word must a command word that cannot be ignored must not and cannot be ignored. This failure caused the plaintiff irreparable harm, and brings this instant action.

 In that the plaintiff an employee of, 9 years' experience was wrongly terminated. When in fact Ms. Portyanko, is in fact, the one guilty of abuse and neglect, for not assessing the patient for not calling a doctor or the ER department, the suggestion of chest pain is serious. The fact that Rose was never assessed by Charge nurse Portyanko is in fact, the pretext to, the discrimination that followed.

The DVA supporting the abuse and neglect exhibited by Portyanko used as a prtext to cause the discrimination this is a fact and discovery will aid in bringing out this fact. The plaintiff avers that it is discrimination for, the DVA to allow Ms. Portyanko a probationary employee RN, to write up, a black female employee and ignore Portyanko's conduct. For the DVA to not charge Portyanko for abuse and neglect for not caring enough to assess the patient or call the doctor or ER department is blatant discrimination against the plaintiff causing her wrongful termination.

When in fact there is no proof whatsoever of any misconduct, except for the word of a probationary nurse. Management has discriminated against the plaintiff and allowed a probationary period nurse to get away with not following protocol, and VAMC rules governing chest pain.

Due to, the fact that at this time we will never know what, the outcome, if in fact a doctor, or the ER department had of been called. The adverse action was taken, by the VAMC against the plaintiff, without the proper professionals being notified. Plaintiff seeks to be made whole.

**Wherefore** in light of the forgoing Plaintiff seeks compensatory damages in the amount of 2,000,000 dollars, and any other relief deemed appropriate by this court, for the intentional willful pretextual discrimination against the plaintiff.

WANDA LETANG

## Certificate of Service

I Wanda Letang, do hereby certify that the original copy of, the above referenced refiled complaint pursuant to F.R.Civ.P. 15 c) (1) (B) was mailed to clerk's office on 08/26/2022 upon the address of the District Court: Clerk's Office U.S. District Court 217 West King Street Martinsburg WV 25401

<u>WANDA LETANG</u>

*/s/ Wanda Letang*