IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WANDA LETANG,**

      Plaintiff,

v.                                                                              **CIVIL ACTION NO.: 3:22-CV-154
(GROH)**

**ROBERT L. WILKIE, JR., and
DEPARTMENT OF VETERANS
AFFAIRS AGENCY,**

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THE DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is the Defendants' Motion to Dismiss. ECF No. 14.[1] The present action arises following two previous, unsuccessful suits,[2] wherein the Plaintiff alleged her employment termination was based upon unlawful racial discrimination. Because the Plaintiff reasserts the same allegation here—more than four years after receiving her right-to-sue letter—the above-styled action must also fail. Accordingly, the Court grants the Defendants' Motion [ECF No. 14].

**I. BACKGROUND**

Originally employed as a Nursing Assistant at the Defendant Department's Martinsburg, West Virginia, Veterans Affairs Medical Center, the Plaintiff was terminated on January 23, 2017, following "one narrative specification of patient abuse and two

---

[1] Citations to ECF numbers will refer to the docket in the present suit, 3:22-CV-154, unless otherwise noted.
[2] The first, Letang v. Wilkie, 3:18-CV-95, will, hereinafter, be referred to as Letang I. The second, Letang v. Sec'y U.S. Dep't Veterans Affs., 3:20-CV-171, will, hereinafter, be referred to as Letang II.

1

narrative specifications of conduct unbecoming a federal employee" that had allegedly occurred on January 30, 2016. ECF No. 15-1 at 2. Those narratives were the product of charges that the Plaintiff "acted inappropriately by raising her voice to both a patient under her care and a Charge Nurse who witnessed the incident." Id.

On February 7, 2017, the Plaintiff appealed her termination to the United States Merit Systems Protection Board ("MSPB"), asserting her termination was the product of racial discrimination. See id. After weighing conflicting testimony from the Plaintiff and Tetyana Portyanko Marshall, RN, the MSPB determined "Nurse Marshall's version of the events . . . to be more credible than that offered by the [Plaintiff]." Id. at 6. Thus, on January 19, 2018, the MSPB ultimately held the Plaintiff's termination was justified and, therefore, not the product of racial discrimination. See id. at 7–11.

On February 23, 2018, the Plaintiff timely sought review of the MSPB's decision by the Equal Employment Opportunity Commission ("EEOC"). ECF No. 15-2 at 1. The EEOC affirmed the MSPB's decision on May 15, 2018. Id. 2–3. Specifically, the EEOC held the Plaintiff "presented no persuasive evidence of discriminatory animus surrounding the [termination]." Id. at 2. Additionally, the EEOC informed the Plaintiff she would have 30 days following the EEOC's decision to file a civil action, if she so desired. Id. at 3; see also 42 U.S.C. § 2000e-5(e)(1); Booker v. Potter, 2009 WL 1033799, at *2 (M.D. N.C.) (utilizing a 30-day time limit to file a civil action in a U.S. district court following an appeal from the MSPB to the EEOC).

On June 14, 2018, the Plaintiff filed her complaint in Letang I. The complaint was ultimately dismissed when the Court adopted United States Magistrate Judge Trumble's Report and Recommendation ("R&R"), which held the Plaintiff failed to "allege facts

sufficient to state all the elements of her claim." ECF No. 31 at 5 in Letang I. Notably, the Court's terminal order dismissed the action without prejudice, and the Fourth Circuit affirmed that dismissal on January 21, 2020. ECF Nos. 35 at 4, 41 in Letang I.

On September 14, 2020—over eight months later—the Plaintiff filed her complaint and first motion to appoint counsel in Letang II. ECF Nos. 1, 3 in Letang II. Magistrate Judge Trumble issued an R&R holding the seven differences between the complaint in Letang II and the amended complaint in Letang I "provide[d] no additional facts to alter the . . . conclusion in [Letang I] that [the Plaintiff] ha[d] failed to state a claim upon which relief can be granted." ECF No. 7 at 8 in Letang II. Additionally, Magistrate Judge Trumble highlighted that the Plaintiff's action was untimely. Id. at 5. The Court, however, declined to adopt the R&R, holding dismissal could prove premature at that juncture. ECF No. 11 at 1 in Letang II. The Court also granted the Plaintiff's application to proceed *in forma pauperis* and directed the Plaintiff to submit the addresses for each Defendant before February 22, 2021. Id. at 2. One month later, on February 19, 2021, the Court denied the Plaintiff's first motion to appoint counsel. ECF No. 13 in Letang II. On September 9, 2021, the Plaintiff filed her second motion to appoint counsel. ECF No. 15 in Letang II. The Court then issued its October 25, 2021, Order to Show Cause, which, again, directed the Plaintiff to submit the addresses of each Defendant within 14 days or show cause as to why the case should not be dismissed. ECF No. 16 at 1 in Letang II. That Order also denied the Plaintiff's second motion to appoint counsel. Id. at 2. After receiving no response, the Court dismissed the action on January 5, 2022—almost two months after the 14-day deadline and almost one year after the Court's initial deadline. ECF Nos. 17, 11 in Letang II. The Plaintiff then filed her

3

Response to Order to Show Cause on January 10, 2022, and an amended complaint on January 24, 2022. ECF Nos. 18, 22 in Letang II. The Plaintiff also petitioned the Fourth Circuit for a writ of mandamus "remand[ing] [the] case to the district court so, the clerk and the court [could] . . . file the amended complaint." ECF No. 23 at 1 in Letang II. In a *per curiam*, unpublished opinion, the Fourth Circuit denied the Plaintiff's petition on August 5, 2022, noting the Plaintiff "sent the amended complaint to the [C]ourt . . . after [it] dismissed her . . . case for failure to prosecute, and after the [C]ourt had afforded her two opportunities to provide the information required for its consideration of her complaint." ECF No. 27 at 2 in Letang II.

The Plaintiff filed the present case on September 6, 2022. ECF No. 1. The Complaint here is almost identical to the amended complaint the Plaintiff attempted to file in the by-then dismissed Letang II. Compare ECF No. 1 with ECF No. 22 in Letang II. The only discernable difference is the addition of the first paragraph, which principally asserts Federal Rule of Civil Procedure 15(c) allows her present Complaint to operate with the filing date of her complaint in Letang I because the new filing lays out the addresses of the Defendants as ordered in Letang II. ECF No. 1. The Defendants filed their Motion to Dismiss [ECF No. 14] and Memorandum in Support [ECF No. 15] on July 25, 2023. The Plaintiff filed her response in opposition on August 1, 2023, and the Defendants filed their reply on August 14, 2023. ECF Nos. 16, 18.[3]

---

[3] The Plaintiff also filed a surreply stylized as "Plaintiff's Response to Defendants['] Response to Plaintiff[']s Objection to the Defendants['] Motion to Dismiss and Renewed Request for the Court Under Fourth Circuit Discretion to Assist Petitioner as Deemed Indigent by the Court in Finding Trained Counsel." ECF No. 20. However, pursuant to Local Rule of Civil Procedure 7.02(b)(3), a party must obtain leave of court to so file. LR Civ. P. 7.02(b)(3). Therefore, the Court will not consider this filing.

Accordingly, the Defendants' Motion to Dismiss [ECF No. 14] is fully briefed and ripe for review. For the reasons below, the Court grants the Defendants' Motion.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, a court assumes the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678–79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral

5

to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

*Pro se* complaints are subject to this standard as well. "When reviewing a *pro se* complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258, at *1 (4th Cir. 1997) (citing Gordon v. Leake, 574 F.2d 1147, 1151 (4th Cir. 1977)). It is also appropriate for federal courts to look beyond the face of the complaint to allegations made in additional materials filed by the *pro se* plaintiff when determining whether a motion to dismiss should be granted. Id.

## II. DISCUSSION

### A. The Parties' Arguments

In support of their Motion to Dismiss, the Defendants make three arguments. See ECF No. 15 at 1–2. First, the Defendants argue the present suit was filed well after the 30-day statutory time-limit. Id. at 5–6. Second, the Defendants aver the Plaintiff's use of Rule 15(c) is misplaced. Id. at 6–7. Third, the Defendants contend the Plaintiff fails to state a claim upon which relief can be granted. Id. at 7–8.

As to their first point, the Defendants argue the following: (1) the EEOC issued its decision on May 15, 2018; (2) the EEOC notified the Plaintiff the statutory time-limit required, if she desired to appeal its decision, she must do so within 30 days; and (3) the present suit was filed in September 2022—over four years after the EEOC issued its decision. Id. at 5–6. For their second point, the Defendants aver "[n]o provision of Rule 15(c) would allow Plaintiff to amend or relate back to pleadings in [Letang I] or [Letang II]. Those are separate actions from the present matter before the [C]ourt." Id.

at 7 (citing Atakulu v. Md. Dep't of Health Hum. Res., 2014 WL 2927772, (D. Md. 2014)). As to their third point, the Defendants contend the Complaint fails to allege facts sufficient to establish the elements of a *prima facie* case of racial discrimination under Title VII. Id. at 7–8 (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)).

In her response, the Plaintiff asserts this case should not be dismissed. ECF No. 16 at 2. In support, she cites and quotes Article III, Section 2 of the U.S. Constitution (commonly referred to as the "Cases or Controversies" clause); 28 U.S.C. § 1331; and Title VII. Id. at 1. Aside from those quotations, the Plaintiff's roughly two-page response straightforwardly states "[her] complaint does not warrant dismissal. There has been no discovery no scheduling orders nothing." Id. at 2 (internal citation omitted).

In their reply, the Defendants contend the Plaintiff "simply ignores the cited statutory law and case law." ECF No. 18 at 1. They also reiterate their arguments that this case is untimely and that the Plaintiff fails to state a claim upon which relief can be granted. Id. at 1–2 (citing Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 330 n.8 (4th Cir. 2012)).

## B. Analysis

The Court agrees with the Defendants. It is undisputed the EEOC issued its right-to-sue letter on May 15, 2018, which informed the Plaintiff she had the right to file a civil action "**within thirty (30) calendar days** of the date that [she] receive[d] [the EEOC's] decision." ECF No. 15-2 at 3 (emphasis in original). The Plaintiff filed the Complaint here on September 6, 2022—over four years after the EEOC's decision and more than two years after the Fourth Circuit affirmed the dismissal of Letang I. ECF No. 1; ECF Nos. 1, 41 in Letang I. There has been no evidence, nor any argument, presented to the

Court that would suggest the Plaintiff was unable to comply with the statutory time-limit. In fact, the Plaintiff's filing of Letang I is strong evidence she was capable of complying with the statutory time-limit insofar as she *did* comply with it prior to neglecting the Court's orders in Letang II. See ECF No. 1 in Letang I; ECF No. 17 in Letang II.

The Plaintiff makes the argument that Rule 15(c) allows the Complaint here to "relate[] back to the date of the original pleading" in Letang I. ECF No. 1 (citing Fed. R. Civ. P. 15(c)). Specifically, the Plaintiff appears to contend that, because the amended complaint she untimely filed in Letang II laid out the addresses of the Defendants as twice previously ordered, Rule 15(c) requires the amended complaint in Letang II, and therefore, the Complaint here, to "relate back" to the original filing date in Letang I. See ECF No. 1.

As the Defendants point out, the "Plaintiff is mistaken in the proper use of Rule 15." ECF No. 15 at 6 (citing Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 330 n. 8 (4th Cir. 2012)). Rule 15 does not allow "a complaint in one case [to] relate back to a complaint in another case to avoid the statute of limitations" because "[t]he plain language of Rule 15 . . . speaks of an 'amendment to a pleading,' not an entirely separate cause of action." Angles, 494 F. App'x at 330 n.8; Bratton-Bey v. Straughan, 2014 WL 359493, at *5 (D. Md. Jan. 31, 2014). Thus, Rule 15(c) does not provide the Plaintiff her asserted avenue to avoid the statutory time-limit here. In sum, the present action was filed over four years after the statutory time-limit. Accordingly, it must be dismissed.

Further, assuming *arguendo* the present suit was timely filed, the Complaint also warrants dismissal because it fails to state a claim upon which relief can be granted. Without direct evidence of intentional discrimination, a plaintiff must establish a *prima*

*facie* case of discriminatory termination via the following elements: (1) the plaintiff is a member of a protected class; (2) the plaintiff satisfactorily performed their job; (3) the employer terminated the plaintiff; "and (4) that similarly-situated employees outside the protected class received more favorable treatment."[4] White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

Construed liberally, the Complaint alleges the following. First, it states "the [P]laintiff was exposed to discrimination" when a charge nurse, Ms. Portyanko, "accused the [Plaintiff], of abuse and neglect . . . without any proof whatsoever." ECF No. 1 at 3. Second, the Complaint offers Ms. Portyanko "ignored . . . protocol concerning heart attack complaints." Id. at 3–4. Third, it alleges the Defendants' allowing Ms. Portyanko to "write up, a black female employee while ignoring [Ms.] Portyanko's conduct" was discriminatory. Id. at 5.

As to the first element, a liberal construction of the Complaint shows the Plaintiff asserts she is a Black woman, which is likely a sufficient allegation that the Plaintiff is a member of a protected class. See id.

As to the second element, however, the Plaintiff fails to allege any facts demonstrating she performed her job satisfactorily. The MSPB found the Defendants' argument that the Plaintiff spoke to and treated a patient improperly was supported by a preponderance of the evidence. See ECF No. 15-1 at 6–7. Here, the Plaintiff makes no factual assertions to contradict that finding or otherwise establish she performed her job satisfactorily. Thus, the Plaintiff fails to allege facts sufficient to, if true, establish the second element.

---

[4] The Court notes the third element is not at issue as the Defendants do not contest that they terminated the Plaintiff.

9

As to the fourth element, the Plaintiff only makes factual allegations about one other employee, Ms. Portyanko. However, those assertions fail to establish the two are similarly situated. Specifically, the Plaintiff refers to herself as a "nursing assistant" and Ms. Portyanko as a "charge nurse." ECF No. 1 at 4. The Plaintiff's discussion of Ms. Portyanko is limited to accusing her of failing to follow protocol related to heart attacks. See ECF No. 1 at 3–4. Those facts, taken as true, do not establish that the two positions are the same, that they share duties, or anything else that demonstrates similarity. Moreover, the Plaintiff fails to allege Ms. Portyanko is not a member of the Plaintiff's protected class. Thus, the Plaintiff fails to allege facts sufficient to, if true, establish the fourth element.

At bottom, the Plaintiff's legal assertion that "[m]anagement . . . discriminated against [her]" and factual allegation that Ms. Portyanko failed to follow heart attack protocols, construed liberally, are functionally "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Accordingly, the Plaintiff fails to state a claim upon which relief can be granted.

### III. CONCLUSION

Ultimately, the present suit must be dismissed because it was filed over four years after the statutory time-limit. Moreover, even assuming it was timely filed, the Plaintiff's Complaint fails to allege facts sufficient to establish a claim upon which relief can be granted.

Accordingly, the Defendants' Motion to Dismiss [ECF No. 14] is **GRANTED** and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED to TERMINATE AS MOOT** all pending motions and remove this case from the Court's active docket. The Clerk is **FURTHER DIRECTED**

to transmit copies of this Order to all counsel of record herein and the *pro se* Plaintiff at her address as listed on the docket sheet.

**DATED**: December 12, 2023

                                                            GINA M. GROH
                                                            UNITED STATES DISTRICT JUDGE